UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN KNIGHT,<br><br>        Plaintiff,<br><br>    v.<br><br>CYTOMX THERAPEUTICS, INC., et al.,<br><br>        Defendants. | Case No. 20-cv-03432-BLF<br><br>**ORDER GRANTING PLAINTIFF MICHAEL MARGIOTTA'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>[Re: ECF 22] |

Before the Court is Plaintiff Michael Margiotta's ("Mr. Margiotta") unopposed Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Motion"). *See* Mot., ECF 22. Pursuant to Civil Local Rule 7-1(b), the Court determined this motion was suitable for decision without oral argument on October 23, 2020, and vacated the hearing on Mr. Margiotta's Motion scheduled for November 5, 2020. *See* Order, ECF 32. For the reasons stated herein, the Court GRANTS Plaintiff's Motion.

**I.      BACKGROUND**

On May 21, 2020, Plaintiff Kevin Knight ("Mr. Knight") filed this putative securities class action lawsuit against Defendants CytomX Therapeutics, Inc. ("CytomX"), Sean A. McCarthy, Carlos Campoy, and Debanjan Ray (collectively, "Defendants"). *See* Compl., ECF 1. CytomX operates as an oncology-focused biopharmaceutical company in the U.S. and develops a novel class of investigational antibody therapeutics for the treatment of cancer. *Id.* ¶ 2. Mr. Knight alleges that, from May 17, 2018 to May 13, 2020 (the "Class Period"), Defendants issued materially false and misleading statements and/or failed to disclose that CytomX downplayed

issues with its products' efficacy and safety in clinical trials. *See id.* ¶¶ 1, 5–8. When CytomX made abstracts for its clinical presentations available, Mr. Knights avers that "CytomX's stock price fell $5.21 per share, or 36.08%." *Id.* ¶¶ 6–7. Mr. Knight alleges that, as a result of these misrepresentations and the "precipitous decline" in the market value of CytomX's securities, "Plaintiff and other Class members have suffered significant losses and damages." *Id.* ¶ 8. As a result, Mr. Knight filed the instant lawsuit for violations of the Securities Exchange Act of 1934 on behalf of all persons who purchased or otherwise acquired CytomX's securities during the Class Period. *Id.* ¶ 1.

On the same day the complaint was filed, May 21, 2020, a Private Securities Litigation Reform Act ("PSLRA") early notice was issued advising potential class members of the claims alleged in the action and the 60-day deadline for class members to move to be appointed as lead plaintiff. *See* Mot. 3; *see also* Ex. 1 to Decl. of Laurence M. Rosen ("Rosen Decl."), Notice, ECF 24-1. On July 20, 2020, Mr. Margiotta filed this Motion seeking appointment as lead plaintiff and approval of The Rosen Law Firm, P.A. ("Rosen Law") as lead counsel for the class. *See* Mot. 4. On the same day, Mr. Knight also filed a motion to appoint himself as lead plaintiff and Pomerantz LLP as lead counsel. *See* Mot. of Kevin Knight 1, ECF 27. However, on August 3, 2020, Mr. Knight filed a notice of non-opposition to Mr. Margiotta's Motion that basis that Mr. Margiotta possesses the "largest financial interest" in this matter within the meaning of the PSLRA. *See* Notice of Non-Opposition, ECF 31. Mr. Knight's motion was terminated as moot on October 23, 2020. *See* Order. Mr. Margiotta's Motion is thereby unopposed.

## II.   LEGAL STANDARD

### A. Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the procedure for selection of lead plaintiff in all private class actions under the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(3). Pursuant to the PSLRA, the court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," also referred to as the "most

adequate plaintiff." *Id*. at § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must be published within 20 days of the filing of the complaint. *Id.* It must also alert members of the purported class that they have 60 days to move for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Second, the court must identify the presumptive lead plaintiff. To do so, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court must then determine whether that individual, "based on the information he has provided in his pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Id*. If the plaintiff with the largest financial interest satisfies these requirements, he becomes the "presumptively most adequate plaintiff." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Finally, the other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that [he] satisfies Rule 23's typicality and adequacy requirements." *Cavanaugh*, 306 F.3d at 730. Unless a member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 732.

**B. Lead Counsel**

Under the PLSRA, the lead plaintiff has the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that

3

1  choice." *Id.* at 712 (citations omitted).

### III. DISCUSSION

#### A. Procedural Requirements

Pursuant to the PSLRA, Pomerantz LLP published a notice of the pending action on May 21, 2020, the same date that Mr. Knight filed the complaint in this case. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); *see also* Notice. The notice announced the pendency of this action, listed the claims, specified the class period, and advised putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as lead plaintiff in the lawsuit. *Id.* Thus, the notice complied with the PSLRA's requirements. *See* 15 U.S.C. § 78u–4(a)(3)(A).

As noted above, Mr. Margiotta then filed this Motion on July 20, 2020, one day before the last day of the 60-day deadline. *See* Mot. Mr. Margiotta has therefore met the statutory notice requirements.

#### B. Financial Interest

The Court must next determine whether Mr. Margiotta qualifies as the most adequate plaintiff. To make this determination, the Court must first consider Mr. Margiotta's financial interest in the relief sought. *See Cavanaugh*, 306 F.3d at 730. Mr. Margiotta has submitted a "loss chart" setting forth calculations of his alleged losses, totally approximately $4,087.00. Ex. 3 to Rosen Decl., Loss Chart, ECF 24-3; *see also* Mot. 6. Because Mr. Margiotta's Motion is unopposed, Mr. Margiotta is necessarily the prospective lead plaintiff with the greatest financial interest in the litigation. *See* Notice of Non-Opposition; Order; *see also City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *3 (N.D. Cal. May 29, 2013) ("Without access to financial information from other parties, the Court is constrained to conclude that the [proposed plaintiff's] alleged loss best qualifies it to serve as lead plaintiff." (quoting *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 316 (S.D.N.Y. 2005)).

#### C. Rule 23 Requirements

Having determined that Mr. Margiotta is the prospective lead plaintiff with the greatest

financial stake in this litigation, the Court must next consider whether Mr. Margiotta satisfies the typicality and adequacy requirements of Rule 23(a). Federal Rule of Civil Procedure 23(a) sets forth four requirements for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. Fed. R. Civ. P. 23(a). At the appointment of lead plaintiff stage, courts need only consider typicality and adequacy, as the failure to satisfy numerosity or commonality would preclude certifying a class action at all. *Cavanaugh*, 306 F.3d at 730 n.5. "When the court makes [this] initial determination, it must rely on the presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test the substance of those claims." *Id.* at 730. As such, Mr. Margiotta need only make a *prima facie* showing that he satisfies the Rule 23 requirements of typicality and adequacy. *See id.* at 731.

In determining whether typicality is satisfied, a Court inquires "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted), *superseded by statute on other grounds*, *Berger v. Ludwick*, No. C-97-0728-CAL, 2000 WL 1262646 (N.D. Cal. Aug. 17, 2000). In this case, like all other members of the purported class, Mr. Margiotta purchased CytomX stocks during the Class Period, when CytomX's stock prices were allegedly artificially inflated by Defendants' misrepresentations and/or omissions, and Mr. Margiotta allegedly suffered damages when those misrepresentations and/or omissions came to light. *See* Mot. 7. Mr. Margiotta's claims thus appear to be typical, if not identical, to the claims of other members of the putative class.

The test for adequacy asks whether the lead plaintiff and his counsel "have any conflicts of interest with other class members" and whether the lead plaintiff and his counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, there is no indication of conflicts between Mr. Margiotta and other class members and Mr. Margiotta's diligence in seeking appointment as lead plaintiff suggests that he and his counsel will prosecute this action vigorously.

Thus, Mr. Margiotta has made a *prima facie* showing of typicality and adequacy, as

5

required at this stage, and the Court finds that Mr. Margiotta qualifies as the presumptively most adequate plaintiff under the PSLRA.

### D. Opportunity to Rebut

Other plaintiffs have been afforded an opportunity to rebut Mr. Margiotta's showing that he as the presumptive lead plaintiff satisfies Rule 23's typicality and adequacy requirements, as evidenced by Mr. Knight's opposition. *See* Mot. of Kevin Knight. However, Mr. Margiotta's Motion is now unopposed and no member of the purported plaintiff class has provided proof that Mr. Margiotta "will not fairly and adequately protect the interests of the class" or that Mr. Margiotta "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also* Notice of Non-Opposition. Accordingly, the Court APPOINTS Mr. Margiotta to serve as lead plaintiff.

### E. Lead Counsel

No parties have objected to Mr. Margiotta' selection of Rosen Law as counsel. *See* Notice of Non-Opposition; Order. The Court has reviewed the firm's resume, Ex. 4 to Rosen Decl., Firm Resume, ECF 24-4, and is satisfied that Mr. Margiotta has made a reasonable choice of counsel. *See also* Mot. 8. Accordingly, the Court APPROVES Mr. Margiotta's selection of Rosen Law as lead counsel.

## IV. CONCLUSION

For the foregoing reasons, Mr. Margiotta's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel is GRANTED.

Dated: November 18, 2020

_____
BETH LABSON FREEMAN
United States District Judge

6